BARRY E. HINKLE, Bar No. 071223
CONCEPCIÓN E. LOZANO-BATISTA, Bar No. 227227
TRACY L. MAINGUY, Bar No. 176928
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  bhinkle@unioncounsel.net
         clozano@unioncounsel.net
         tmainguy@unioncounsel.net

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BOARD OF TRUSTEES, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER BUILDERS INC., a California Corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION** |

Plaintiffs complain of Defendant, and for cause of action allege:

**JURISDICTION AND INTRADISTRICT ASSIGNMENT**

I.

This action arises under and is brought pursuant to section 502 of the Employee Retirement Income Security Act, as amended (ERISA) (29 U.S.C. § 1132), and section 301 of the Labor Management Relations Act (LMRA) (29 U.S.C. § 185).  Venue properly lies in this district

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION

court since contributions are due and payable in the County of San Francisco. Therefore, intradistrict venue is proper.

**PARTIES**

II.

At all times material herein, Plaintiffs The Board of Trustees were Trustees of the Laborers Health and Welfare Trust Fund for Northern California (hereinafter "Welfare Fund"); Laborers Vacation-Holiday Trust Fund for Northern California (hereinafter "Vacation Fund"); Laborers Pension Trust Fund for Northern California (hereinafter "Pension Fund"); and Laborers Training and Retraining Trust Fund for Northern California (hereinafter "Training Fund," together with the Welfare Fund, Vacation Fund, and Pension Fund, collectively referred to as "Trust Funds"). At all times material herein, each of the above-named Trust Funds was, and now is, an employee benefit plan created by a written Trust Agreement subject to and pursuant to section 302 of the LMRA (29 U.S.C. § 186), and a multi-employer employee benefit plan within the meaning of sections 3, 4 and 502 of ERISA (29 U.S.C. §§ 1002, 1003 and 1132). Each of the above-named Trust Funds is administered by a Board of Trustees which may bring this action in the name of the Trust Funds pursuant to the express provisions of the Trust Agreements. All of the above named Trust Funds and their respective Board of Trustees shall hereinafter be designated collectively as "Plaintiffs."

III.

At all times material herein, Premier Builders Inc., a California Corporation (hereinafter referred to as "Defendant"), has been an employer within the meaning of section 3(5) and section 515 of ERISA (29 U.S.C. §§ 1002(5), 1145) and an employer in an industry affecting commerce within the meaning of section 301 of the LMRA (29 U.S.C. § 185).

**ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF**

IV.

At all relevant times, Defendant was bound to a written collective bargaining agreement with the Northern California District Council of Laborers (hereinafter "Union"), a labor organization within the meaning of section 301 of the LMRA (29 U.S.C. § 185). Defendant

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION

1  became subject to all the terms and conditions of the Laborers Master Agreement (hereinafter

2  "Master Agreement") by virtue of signing Appendix A to the Construction Careers Agreement

3  For All Measure G Bond Projects For The San Jose Evergreen Community College District

4  (hereinafter "CCA") with the Union, which incorporated the Master Agreement.  A true and

5  correct copy of the Master Agreement for the period 2012 through 2015 is attached hereto as

6  Exhibit "A."  True and correct copies of the CCA and corresponding signed Appendix A are

7  attached hereto as Exhibits "B-C," respectively, all of which are incorporated by reference herein.

8  The Master Agreement by its terms incorporates the various Trust Agreements establishing each

9  of the Plaintiffs' Trust Funds.  By being bound to said Master Agreement, Defendant promised it

10 would contribute and pay to Plaintiffs the hourly amounts required by the Agreements for each

11 hour paid for or worked by any of its employees who performed any work covered by said

12 Agreements, and that it would be subject to and bound by all of the terms, provisions and

13 conditions of the Trust Agreements.

V.

15 The Agreements provide for prompt payment of all employer contributions to the Trust

16 Funds and provide for the payment of liquidated damages and interest on all delinquent

17 contributions, attorneys' fees, and other collection costs, and for the audit of the signatory

18 employer or employers' books and records in order to permit the Plaintiffs to ascertain whether

19 all fringe benefit contributions have been timely paid as required by the applicable labor

20 agreements and law.

**FIRST CLAIM FOR RELIEF**
**(AUDIT)**

VI.

The Board of Trustees have, as one of their purposes, the obligation to ensure that

contributions required to be made to said Trust Funds pursuant to collective bargaining

agreements are fully and correctly made.  The purposes of the respective Trust Funds are to

provide health and welfare, vacation, pension and other benefits for Laborers on whose behalf

contributions are made, which benefits are supported by such contributions, and to ensure that

employers who are signatories to the collective bargaining agreements referred to herein comply

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION

with the terms of said agreements with respect to payments of said contributions to the Fund.

VII.

By its terms, the Master Agreement binds Defendant to the Trust Agreements respectively establishing the Trust Funds, (Article IV, section 9, of the Trust Agreement creating the Welfare Fund, Article VI, section 8, of the Trust Agreement creating the Vacation-Holiday Fund, Article IV, section 8, of the Trust Agreement creating the Pension Fund, and Article IV, section 8 of the Trust Agreement creating the Training Fund), each provide that:

> Upon request in writing from the Board of Trustees, an Individual Employer will permit a Trust Fund Auditor to enter upon the premises of such Individual Employer during business hours, at a reasonable time or times, not less than two (2) working days after such request, and to examine and copy such books, records, papers, or reports of such Individual Employer as may be necessary to determine whether the Individual Employer is making full and prompt payment of all sums required to be paid by him to the Fund.

VIII.

Plaintiffs cannot determine whether or not Defendant has made prompt and correct payment of all fund contributions, and as a consequence, good cause appearing therefore, communications have been directed to Defendant by representatives of Plaintiffs demanding that Defendant submit to an audit pursuant to the respective collective bargaining agreements and Trust Agreements. A copy of the demand letter from Plaintiffs to Defendant dated July 8, 2016, is attached hereto as Exhibit "D."

IX.

Defendant has failed, refused or neglected to allow the audit as requested or inspection of its books, records, papers, or reports in accordance with the provisions of the Trust Agreements. As a result of Defendant's refusal to submit to the audit, Plaintiffs are unable to ascertain the amount of damages, if any, suffered by the Trust Funds.  Plaintiffs have no adequate remedy at law, and the individual Laborers who are the beneficiaries of the respective Trust Funds, particularly the employees of Defendant, are damaged thereby and also have no adequate remedy at law.

//

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION

X.

Plaintiffs are intended third party beneficiaries of the collective bargaining agreements, but Trust Funds contribution delinquencies are excluded from the arbitration provision of said agreements.

XI.

Plaintiffs have complied with all conditions on their part to be performed under the terms of the applicable agreements.

XII.

Plaintiffs are entitled to reasonable attorneys' fees, interest and other reasonable expenses incurred in connection with this matter due to Defendant's failure to allow the audit or refusal to pay all fringe benefit contributions due and owing pursuant to the terms of the applicable collective bargaining agreements, Trust Agreements, and ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2).

**SECOND CLAIM FOR RELEF**
**(BREACH OF CONTRACT)**

XIII.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XIV.

Defendant has failed, neglected or refused to allow Plaintiffs access to the records requested and needed to determine the exact amount of fringe benefit contributions owed to the Trust Funds, in violation of the Agreements.

**THIRD CLAIM FOR RELIEF**
**(INJUNCTION)**

XV.

Plaintiffs incorporate and reallege by reference all the allegations stated hereinabove.

XVI.

Unless enjoined by this Court, Defendant will continue to fail, neglect, or to submit to an audit of books and records and by the Trust Funds and thereby cause Plaintiffs irreparable harm for which there exists no adequate remedy at law.

//

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION

**WHEREFORE**, Plaintiffs pray for judgment against Premier Builders Inc., a California Corporation, as follows:

1. That Defendant be compelled to forthwith submit to a full audit by auditors selected by the Trust Funds at the premises of Defendant during business hours, at a reasonable time or times, and to allow said auditors to examine and copy such books, records, papers, reports of Defendant relevant to the enforcement of the collective bargaining agreements or the Trust Agreements, including but not limited to the following:

> Individual earning records (compensation); W-2 forms; 1096 and 1099 forms; reporting forms for all Trust Funds; State DE-3 tax reports; workers compensation insurance report; employee time cards; payroll journal; quarterly payroll tax returns (form 941); check register and supporting cash voucher; Form 1120 - 1040 or partnership tax returns; general ledger - (portion relating to payroll audit).

2. That Defendant be ordered to pay actual damages according to proof;

3. That this Court issue an injunction compelling Defendant to forthwith cease its refusal to submit to an audit of its books, records, papers and reports as required by the agreements to which it's bound;

4. That upon completion of the audit, Defendant be decreed to pay over to Plaintiffs such sums as shall be ascertained to be due from Defendant and interest on said sums;

5. That this Court issue an Order directing and permanently enjoining Defendant to timely submit to Plaintiffs Trust Funds, all reports and contributions due and owing by Defendant plus interest, attorneys' fees, and costs as provided in ERISA sections 502(a)(3) and (g)(2) (29 U.S.C. § 1132(a)(3), (g)(2);

6. That this Court issue an Order permanently enjoining Defendant for so long as it remains obligated to contribute to Plaintiffs Trust Funds, from failing, neglecting, or refusing to timely submit required monthly contributions reports and payments as required by the terms of the collective bargaining agreements, Trust Agreements and ERISA sections 502(a)(3) and (g)(2), (29 U.S.C. § 1132(a)(3), (g)(2));

7. That Defendant be ordered to pay attorneys' fees;

8. That Defendant be ordered to pay costs of suit herein;

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

9. That this Court grant such further relief as this Court deems just and proper; and

10. That this Court retain jurisdiction of this matter to enforce the Order compelling an Audit and payment of all amount found due and owing.

Dated:  August 26, 2016                         WEINBERG, ROGER & ROSENFELD
                                                A Professional Corporation


                                                  */s/ Concepción E. Lozano-Batista*
                                        By:     CONCEPCIÓN E. LOZANO-BATISTA
                                                Attorneys for Plaintiffs

141655\875990

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7
COMPLAINT FOR AUDIT, BREACH OF CONTRACT AND INJUNCTION